# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

HOWARD WOOD,
ADC #155339                                                                          PLAINTIFF

V.                                  4:16CV00891-SWW-JTK

WENDY KELLEY, et al.                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.     Introduction

Plaintiff Wood, a state inmate incarcerated at the Wrightsville Unit of the Arkansas Department of Correction, was granted leave to proceed in forma pauperis in this pro se 42 U.S.C. § 1983 action.  In his Complaint, Plaintiff alleges Defendants violated his Fifth, Eighth and Fourteenth Amendment rights when they breached an agreement to inform the Office of Veteran's Affairs (VA) of his incarceration, beginning July 16, 2013.  Plaintiff asks for monetary and injunctive relief from Defendants.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to state a claim upon which it may be granted.

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III.    Facts and Analysis

Plaintiff claims that when he was incarcerated at the ADC in July, 2013, he was told by two different individuals (identified as John and Jane Does) that the ADC would notify the VA of his incarceration.  He also states that he was provided an inmate handbook which stated that if he was receiving veterans benefits or social security income, the ADC would notify the agency providing such benefits of his incarceration, allowing the agency to determine whether to continue extending the benefits to him.  Plaintiff and an agent of the ADC then signed a written agreement stating that he had received the handbook.

However, in February, 2016, Plaintiff received a notification from the VA that he had been overpaid benefits totaling $74,969.06, and that he would be liable for reimbursing the agency. His request for a waiver of the repayment was denied in August, 2016. Plaintiff filed a grievance about the issue and was told it was his responsibility to inform the agency of his incarceration, and Deputy Director Reed noted that the ADC was not made aware that he was receiving funds from the VA because they were not deposited in his inmate account.

Plaintiff sues the ADC Director, Wendy Kelley, the members of the Board of Correction, and the John and Jane Does, for damages and for injunctive relief in the form of removing the statement in the ADC handbook that the ADC would notify agencies of incarceration. Plaintiff also asks for state law tort claim relief.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). However, Plaintiff's allegations do not support the finding of a constitutional violation in this case. At most, he claims a breach of contract, or a violation of policy, both of which do not state constitutional claims for relief. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).

In addition, his allegations concerning the responses to his grievances do not support constitutional claims for relief. A "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982)).

Plaintiff "does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies." <u>Edgar v. Crawford</u>, No. 08-4279-CV-C-SOW, 2009 WL 3835265, *3 (W.D.Mo. 2009). "The inmate grievance procedures are not required by the Constitution, and therefore, there is no constitutional obligation on defendants' part to afford plaintiff meaningful access to the internal grievance procedure and to investigate and properly determine any such grievance." <u>Fowler v. Crawford</u>, No. 07-4197-CV-C-SOW, 2009 WL 2982922 (W.D.Mo. 2009).

And finally, given dismissal of the constitutional allegations, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law tort claims. <u>McLaurin v. Prater</u>, 30 F.3d 982, 984-94 (8th Cir. 1994).

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint against Defendants be DISMISSED for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.    The Court certify that an <u>in forma pauperis</u> appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[1]The statute provides that a prisoner may not file an <u>in forma pauperis</u> civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 20th day of December, 2016.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE